UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CAROLE SHEPP, | |
| Plaintiff, | |
| v. | Case No. 3:23-CV-00817-GSL-MGG |
| MARK A. MCNAMEE C.P.A., INC., et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [DE 17], Plaintiff's Motion to Strike [DE 19], and Plaintiff's Motion to Permit More Requests for Admissions [DE 20]. For the following reasons, the Court GRANTS Plaintiff's motions [DE 19], [DE 20], and the Court STRIKES Defendants' motion [DE 17].

### A. Procedural History

Plaintiff brought the instant action on August 31, 2023. [DE 1]. Defendants each filed an answer on September 28, 2023. [DE 6], [DE 7]. On January 19, 2024, Defendants filed a Motion to Dismiss [DE 17], arguing that Plaintiff failed to state a claim under the Fair Labor Standards Act ("FLSA"). In response, on January 22, 2024, Plaintiff filed a Motion to Strike [DE 19], arguing that Defendants waived their right to file a 12(b)(6) motion. Defendants did not respond to Plaintiff's motion, and the time to do so has passed.

Separately, on January 23, 2024, Plaintiff filed a motion for additional discovery. [DE 20]. Defendants also did not respond to this motion, and the time to do so has passed.

B. Discussion

In their Motion to Dismiss, Defendants argue that Plaintiff failed to plead sufficient facts to state a plausible claim under FLSA and, therefore, the Court should dismiss this claim under Fed. R. Civ. P. 12(b)(6). [DE 18, page 6]. Further, Defendants argue that Plaintiff's action should be dismissed in its entirety because the remaining claims are all based in state law, and, without a properly pled FLSA claim, the Court does not have supplemental jurisdiction over these remaining state law claims. [*Id.* at page 7].

Defendants' motion is untimely. Rule 12(b) defenses that are asserted in a motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The Seventh Circuit has interpreted this rule to "grant[] a defendant the right to raise the defense of failure to state a claim by motion, and *the motion must be filed before filing an answer*. *Carr v. Illinois State Police*, 758 F. App'x 556, 557 (7th Cir. 2019) (emphasis added). Defendant's motion is very clear that it is requesting relief under Rule 12(b)(6), as opposed to Rules 12(c) or 56. [DE 17, page 1] ("[P]ursuant to Federal Rule of Civil Procedure 12(b)(6)."); [DE 18, pages 1, 3, 4, 6] (citations to Rule 12(b)(6)). Since Defendants filed a 12(b)(6) motion after filing their answer, the motion is untimely and improper. The Court strikes the motion.

Plaintiff filed a motion for additional discovery. [DE 20]. Pursuant to Local Rule 26-1(c), Plaintiff properly "file[d] a motion setting forth the proposed additional requests and why they are necessary." Since Defendants filed no objection to this request, the Court grants the motion.

2

## CONCLUSION

The Court hereby GRANTS Plaintiff's Motion to Strike [DE 19]. As such, the Court STRIKES Defendants' Motion to Dismiss [DE 17]. The Court also GRANTS Plaintiff's Motion to Permit More Requests for Admission [DE 20].

SO ORDERED.

ENTERED: July 31, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court